IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 17-cv-02537-MSK-SKC

ROBERT BURGARD,

    Plaintiff,

v.

TP ENTERPRISES, INC., a Colorado Corporation, and
CARLOS MORALES,

    Defendants.

_____

**OPINION AND ORDER GRANTING
MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Partial Summary Judgment **(# 69)**, Plaintiff's response **(# 72)**, and the Defendants' reply **(# 77)**. For the reasons that follow, the motion is granted.

### I. JURISDICTION

The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Sitting in diversity, this Court applies Colorado law to the parties' dispute. *See Perlmutter v. U.S. Gypsum Co.*, 4 F.3d 864, 869 (10th Cir. 1993).

### II. FACTS

The Court briefly summarizes the pertinent undisputed facts here and elaborates as necessary in its analysis.

On November 9, 2015, Robert Burgard, a foreman for Tharaldson Hospitality Development, was working at a jobsite located at 4667 North Central Park Boulevard in Denver,

1

Colorado. **(# 1 ¶ 6)**. At all relevant times, TP Enterprises, a subcontractor, was hired by Tharaldson to perform work at the jobsite. Carlos Morales, an employee of TP Enterprises, was also at the jobsite where he was operating a forklift within the course and scope of his employment. **(# 1 ¶¶ 7-8)**. Mr. Morales drove the forklift into Mr. Burgard, striking him and severing his leg. **(# 1 ¶¶ 8-9)**.

On October 24, 2017, Mr. Burgard filed suit against Mr. Morales and TP Enterprises, seeking damages for the injuries he suffered in the accident. Mr. Burgard brings three claims against Defendants TP Enterprises and Mr. Morales: (1) negligent operation; (2) negligent failure to warn and supervise[1]; and (3) and negligent hiring. **(# 1)**. On January 3, 2018, TP Enterprises and Carlos Morales answered the Complaint. **(# 32)**. In the Answer, TP Enterprises admits that, at all times relevant to this action, Mr. Morales was an employee of TP Enterprises and was operating a forklift within the course and scope of his employment. **(# 32 ¶¶ 7-8, 16-18, 27)**.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that

---

[1] This claim is styled as both a negligent failure to warn and supervise claim. Although a negligent failure to warn claim usually arises in a products liability context and requires a plaintiff to show that a "manufacturer's failure to warn of a risk fell below an acceptable standard of care" *Fireboard Corp. v. Fenton*, 845 P.2d 1168, 1175 (Colo. 1993) where a negligent supervision claim requires a plaintiff to prove that a "defendant knew his employee posed a risk of harm to the plaintiff and that the harm that occurred was a foreseeable manifestation of that risk" *Keller v. Koca*, 111 P.3d 445, 446 (Colo. 2005), a distinction is not material to the Court's analysis in the Opinion. Thus, the Court will not address the issue here.

must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. DISCUSSION

Defendants TP Enterprises and Carlos Morales have moved for partial summary judgment on all claims except the negligent operation claim asserted against Mr. Morales. They argue that because TP Enterprises admitted vicarious liability for any negligence on the part of Mr. Morales, all three claims asserted against TP Enterprises and the negligent failure to warn and supervise and negligent hiring claims asserted against Mr. Morales are duplicative and must be dismissed pursuant to Colorado law. In response, Mr. Burgard contends that the Defendants failed to comply with the Court's Local Rules governing motions for summary judgment[2] and that there are disputed issues of material fact precluding entry of summary judgment.

Recently, in *Ferrer v. Okbamicael*, 390 P.3d 836 (Colo. 2017), the Colorado Supreme Court adopted the rule articulated in *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995), which provides that once an employer admits respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability such as negligent entrustment and negligent hiring. *McHaffie*, 891 S.W.2d at 826. The *McHaffie* court reasoned that "to allow multiple theories for attaching liability to a single party for the negligence of another 'serves no real purpose,' unnecessarily expends the 'energy and

---

[2] The Court rejects out of hand Mr. Burgard's argument that the Defendants' motion for partial summary judgment should be denied for failure to comply with the Court's Local Rule requiring the movant to "provide a statement of undisputed facts, argument and legal authority incorporated into the motion in lieu of a separate opening brief." **(# 72 at 2)**. Indeed, the Court's Practice Standards set forth a format and a sample motion that "eliminates the need for a separate Statement of Undisputed Material Facts." MSK Civil Practice Standard 7.6.2. Accordingly, the Court finds that the Defendants' proffered motion for summary judgment sufficiently complies with this Court's Practice Standards.

time of courts and litigants,' and risks the introduction of potentially inflammatory, irrelevant evidence into the record." *Ferrer*, 390 P.3d at 843 (citing *McHaffie*, 891 S.W.2d at 826).

In *Ferrer*, the plaintiff was injured when she was struck by a taxi as she was crossing a street in Denver, Colorado. The taxi driver worked for Yellow Cab, which owned the taxi. The plaintiff brought suit against both the taxi driver and Yellow Cab, alleging that the taxi driver was negligent and that Yellow Cab was vicariously liable for the driver's negligence under the doctrine of respondeat superior. The plaintiff also alleged that Yellow Cab was liable for her injuries under theories of direct negligence and negligent hiring, supervision, and training. Yellow Cab admitted that the taxi driver was an employee acting within the course and scope of his employment at the time of the accident. *Ferrer*, 390 P.3d at 839-40. The *Ferrer* Court affirmed the district court's order dismissing plaintiff's direct negligence claims against Yellow Cab, stating that "where the employer has already conceded it is subject to respondeat superior liability for any negligence of its employee, direct negligence claims become superfluous" and are barred. *Id.* at 845, 850. The *Ferrer* Court further explained that allowing both the direct and respondeat superior claims to proceed to a jury could cause the jury to assess or apportion an employer's liability twice. *Id.* at 845. The *Ferrer* Court expressly used negligent hiring, supervision and retention, and entrustment as examples of improper claims once the employer admits vicarious liability. *Id.* at 844-45.

This Court, sitting in diversity, is required to apply the law consistent with how the Colorado Supreme Court would apply it. *Etherton v. Owners Ins. Co.*, 829 P.3d 1209, 1223-24 (10th Cir. 2016); *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 875 (10th Cir. 2013). With that in mind, the Court addresses the challenged claims.

**A. Claims Asserted Against TP Enterprises and Mr. Morales: (1) Negligent Operation of Forklift; (2) Negligent Failure to Warn/Supervise; and (3) Negligent Hiring**

To state a negligence claim under Colorado law, Mr. Burgard must establish the following four elements by a preponderance of the evidence: (1) the existence of a legal duty owed by the defendant; (2) a breach of that duty; (3) causation; and (4) damages. *Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo 1989). In support of this claim, Mr. Burgard alleges the following facts[3]:

- TP Enterprises was hired to provide work at the job site located at 4667 North Central Park Boulevard in Denver, Colorado on November 9, 2015. **(# 1 ¶ 15)**.
- TP Enterprises then "hired, employed and engaged Defendant Carlos Morales," who "was operating the forklift within the course and scope of his employment on that day." TP Enterprises owned the forklift involved in the accident. **(# 1 ¶¶ 16-17)**.
- On November 9, 2015 at approximately 6:30 a.m., Mr. Burgard was "negligently and carelessly run over, run in to by the forklift operated by Defendant Carlos Morales, an employee of the Defendant TP Enterprises, Inc." **(# 1 ¶ 18)**.
- The forklift was negligently operated based on the following: (1) Mr. Morales lacked the skill and judgment in operating a forklift and carelessly drove it backwards striking Mr. Burgard and severing his leg; (2) no warning was given to Mr. Burgard as to the forklift's backward movement; (3) the forklift was driven in reverse with "little or no recognition of [Mr. Burgard] being behind the forklift"; (4) there was no need to travel in reverse at all; (5) Mr. Morales was not paying attention; he was on his cell phone at the time the forklift struck Mr. Burgard; (6) no safety precautions or measures were taken to regulate or control Mr. Morales' operation of the forklift; and (7) Mr. Morales did not use the forklift's mirrors or look behind the forklift to make sure there was nothing there before he drove it backward. **(# 1 ¶ 19)**.
- This negligence caused Mr. Burgard to suffer permanent injuries to his lag and incur substantial damages. **(# 1 ¶ 20-21)**.

These factual statements demonstrate that Mr. Burgard asserts this direct negligence claim against Mr. Morales based on his operation of the forklift and against TP Enterprises as his employer under the doctrine of respondeat superior. *See Connes v. Molalla Transport System,*

---

[3] Unless otherwise noted, the Court derives the factual discussions herein from Mr. Burgard's version of events.

*Inc.*, 831 P.2d 1316, 1320 (Colo. 1992). It is undisputed that in its Answer, TP Enterprises conceded it is vicariously liable for any negligence of its employee, Mr. Morales. Thus, pursuant to *Ferrer*, any direct negligence claim asserted against TP Enterprises cannot stand because it is "redundant and wasteful." *Ferrer*, 390 P.3d at 844-45.

A claim for negligent hiring or supervision under Colorado law consists of the same elements of negligence—duty, breach, injury, causation—and the establishment of an agency relationship between the employer and alleged employee. *Moses v. Diocese of Colorado,* 863 P.2d 310, 324 (Colo. 1993). The *Ferrer* Court specifically addressed negligent hiring and supervision claims, stating that "an employer's negligent act in hiring, supervision and retention, or entrustment is not a wholly independent cause of the plaintiff's injuries, unconnected to the employer's negligence." *Ferrer*, 390 P.3d at 844. Thus, a plaintiff has no cause of action against the employer for negligent supervision or hiring "unless and until the employee's own negligence causes an accident." *Id.* Applying *Ferrer* to this case, the Court finds Mr. Burgard's negligent supervision and hiring claims must be dismissed.

Mr. Burgard makes two arguments against summary judgment. First, he argues that TP Enterprises is independently liable due to its negligence in hiring Mr. Burgard and failing to ensure he was properly trained to operate a forklift, making the issue of causation a disputed question of fact. **(# 72 at 9)**. Although the *Ferrer* Court noted that the *McHaffie* rule is inapplicable where a plaintiff's injuries are not in fact caused by the employee's negligence, the narrow exception does not apply here. *Ferrer*, 390 P.3d at 845-46. Mr. Burgard's factual statements clearly show that he is alleging negligence on the part of Mr. Morales, the forklift driver, and TP Enterprises for contributing to Mr. Morales' negligence. For example, Mr. Burgard states that Mr. Morales was using his cell phone when he was operating the forklift and

7

was "oblivious" when he "continuously revers[ed] the rough terrain forklift into [Mr. Burgard], pinning him against the skid steer bucket," causing Mr. Burgard's leg to be "pinched and eventually severed completely." **(# 1 ¶ 19, #72 at 3-5)**. This is not akin to the situation contemplated in *Ferrer* where an employer knew its vehicle had defective brakes yet allows an employee to operative the vehicle and the defective brakes cause an accident. *Ferrer*, 390 P.3d at 845-46.

Second, Mr. Burgard argues that the dismissal of the claims against TP Enterprises would diminish his ability to recover from TP Enterprises. The Court disagrees. As *Ferrer* explains, the dismissal of these claims does not impact Mr. Burgard's potential recovery. "Where an employer acknowledges respondeat superior, the employer becomes strictly liable for one hundred percent of the damages attributable to the employee's negligence." *Id.* at 845. Additionally, the *Ferrer* Court explained that the "*McHaffie* rule is compatible with Colorado's comparative negligence regime", stating that "a plaintiff's comparative fault should not be reduced based on the number of defendants liable for damages." *Id.* at 846. Finally, to the extent that Mr. Burgard makes other arguments opposing summary judgment based on the dissent in *Ferrer*, the Court finds that these arguments boil down to criticism of the Colorado Supreme Court's adoption of the *McHaffie* rule, which are rejected. *See Etherton*, 829 F.3d at 1223; *Squires*, 715 F.3d at 875.

For these reasons, the Defendants are entitled to summary judgment on the negligent failure to warn/supervise claim and the negligence hiring claim. Additionally, TP Enterprises is entitled to summary judgment on the negligent operation claim. Mr. Burgard's negligent operation claim asserted against Mr. Morales remains pending and will proceed to trial.

## V. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment **(# 69)** is **GRANTED** as to the negligent failure to warn/supervise claim, the negligence hiring claim, and the negligent operation claim asserted against TP Enterprises. The negligent operation claim asserted against Mr. Morales remains and will proceed to a trial. The parties shall jointly contact chambers within 14 days of this order to schedule the final pretrial conference.

Dated this 17th day of January, 2020.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge