**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.17-cv-2537-WJM-SKC

ROBERT BURGARD,

    Plaintiff,

v.

TP ENTERPRISES, INC., a Colorado corporation, and
CARLOS MORALES,

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION FOR THE COURT TO RECONSIDER [#89] OPINION AND ORDER DENYING MOTION TO EXCLUDE OPINION TESTIMONY**

---

This personal injury action is before the Court on Defendant Carlos Morales's Motion for the Court to Reconsider [#89] Opinion and Order Denying Motion to Exclude Opinion Testimony ("Motion"). (ECF No. 92.) Plaintiff Robert Burgard filed a response in opposition (ECF No. 93), and Morales replied (ECF No. 94). For the following reasons, the Motion is denied.

**I. LEGAL STANDARD[1]**

Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect." A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81,

---

[1] Burgard argues that Federal Rule of Civil Procedure 59(e) governs Morales's Motion. (ECF No. 93 at 8.) However, because no judgment has been entered in this case (Judge Krieger merely entered an order on the Original Motion), the Court considers it under Rule 60(b) (grounds for relief from an order).

1

82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. (citation omitted.) "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

## II. ANALYSIS

Burgard suffered an injury in a workplace accident in 2015 when a forklift, driven by Morales, pinned him against another piece of equipment. Due to his injuries, Burgard's left leg was amputated above the knee. In this action, Burgard asserts a negligent operation claim against Morales.[2]

Burgard has endorsed John Dahlberg as an expert witness under Federal Rule of Civil Procedure 26(a)(2) to provide opinion testimony as to "anticipated annual medical and rehabilitative expenses" (also referred to as a "life care plan") that Burgard

---

[2] On January 17, 2020, Judge Marcia S. Krieger granted Defendants' Motion for Partial Summary Judgment as to Burgard's claims for negligent failure to warn/supervise, negligence hiring, and negligent operation against TP Enterprises. (ECF No. 84 at 9.) The negligent operation claim asserted against Morales remained. (*Id.*) This case was reassigned to the undersigned on May 11, 2020. (ECF No. 90.)

is expected to experience as a result of his injury.  (ECF No. 89 at 1.)  On February 5, 2020, Morales filed Defendant's Renewed Fed. R. Evid. 702 Motion to Exclude or Limit Opinion Testimony of Plaintiff's Expert John Dahlberg ("Original Motion").  (ECF No. 85.)  Burgard filed a response in opposition (ECF No. 86), and Morales replied (ECF No. 87) and supplemented his motion (ECF No. 88).

On May 7, 2020, Judge Krieger denied the Original Motion.  (ECF No. 89).  Relevant here, she explained that in the Original Motion, Morales had moved to exclude "any portion of Mr. Dahlberg's opinions that were derived from Mr. Dahlberg's discussions with Eric Pickering, Mr. Burgard's prosthetist, insofar as Mr. Burgard did not separately identify Mr. Pickering as an expert witness."[3]  (*Id.* at 2.)  Throughout the order, Judge Krieger made numerous references to the fact that the part of the Original Motion relevant here stemmed from Morales's argument that Burgard impermissibly failed to disclose Pickering as an expert witness under Rule 26.  For instance, the relevant section heading was titled "Opinions derived from undisclosed experts" (*id.*); Judge Krieger observed that "Mr. Morales notes that Mr. Burgard did not include Mr. Pickering as an expert witness in his Fed. R. Civ. P. 26 disclosures, and has provided no report from Mr. Pickering regarding Mr. Pickering's opinions" (*id.* at 3); and Judge Krieger stated that "It is axiomatic that a party who fails to timely disclose the identity of an expert witness and the bases for that witness' opinions as required by Fed. R. Civ. P. 26(a)(2) will be prevented from offering those opinions at trial" (*id.*).  Importantly, in a footnote, Judge Krieger stated:

---

[3] In the Original Motion, Morales moved to exclude Dahlberg's opinions and testimony on numerous grounds, but the Court discusses only those issues raised in the Motion, namely, those arguments related to Burgard's failure to properly disclose Pickering.

3

> Mr. Morales' motion does not specifically contend that Mr. Pickering was not properly identified as a potential percipient witness, such that his testimony could be excluded under Rule 26(a)(1), and the Court does not consider that question.

(*Id.* at 4 n.1.)

Given these statements, it is clear that Judge Krieger rendered an opinion based on Morales's argument that Burgard improperly failed to disclose Pickering as an expert witness, and not on a separate or additional argument that Burgard improperly failed to identify Pickering as a potential percipient witness or failed to identify Pickering at all under Rule 26. From the footnote referenced above, it is apparent that Judge Krieger did not err or misunderstand Burgard's argument. Rather, she explicitly found he had made a particular argument, and not another. On these grounds, she analyzed Morales's argument, found it unavailing, and denied Morales's motion to exclude Dahlberg's opinions derived from discussions with Pickering. (*Id.* at 9.)

In the Motion, Morales attempts to recast his argument in the Original Motion, arguing that Judge Krieger "missed a critical undisputed fact that bears on every argument presented in [the Original Motion]." (ECF No. 92 at 3.) Specifically, Morales points out that in the Original Motion, he stated that "Plaintiff has never listed Eric Pickering, C.P. on any Rule 26 initial, supplemental, or expert disclosure, and never disclosed any Rule 26 contact information for Mr. Pickering." (*Id.*) Based on this statement, Morales now argues that he established in the briefing before Judge Krieger that Burgard never disclosed Pickering as a witness of any kind, as required by Rule 26(a). (*Id.* at 4.) Thus, Morales contends he is greatly prejudiced by the failure to disclose Pickering as a person with knowledge—not just as an expert—and requests that the Court reconsider the prior order and entirely exclude Dahlberg's testimony, or

4

alternatively, limit Dahlberg's trial testimony by excluding his opinions in according with the authorities, analysis, and arguments set forth in ECF Nos. 85, 87, 88, and 92.  (*Id.* at 8.)

The Court acknowledges that Morales made the quoted statement in the Original Motion.  However, based on Judge Krieger's footnote, Burgard's response (ECF No. 93), and the Court's review of the Original Motion, it is clear that Morales never developed the broader argument that Burgard failed to disclose Pickering in any capacity.  Rather, as Burgard points out, Morales's arguments in the Original Motion consistently referred to Pickering as an expert.  (*Id.* at 10.)  Because Morales could have, but chose not to, present this argument in the Original Motion, it is deemed waived for failure to meaningfully develop it.  *See United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (deeming waived an argument inadequately developed in opening brief); *see also United States v. Martinez*, 518 F.3d 763, 768 (10th Cir. 2008) ("But this contention appears only in a fleeting sentence at the conclusion of Mr. Martinez's opening brief, supported by no analysis or citation; without any such development, our precedent instructs us to deem the point waived and leave any such challenge for another day."); *Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1148 n.3 (10th Cir. 2008) (same); *Rojem v. Gibson*, 245 F.3d 1130, 1141 n.8 (10th Cir. 2001) (same).

Morales's other argument, that Judge Krieger's order fails to identify that the Court never reviewed Morales's March 30, 2020 filing, which is a complete copy of Dahlberg's report (ECF No. 92 at 5), is unavailing.  Judge Krieger's order refers to Dahlberg's report, though she does not explicitly state that she read the entire filing.

5

However, among other references, she states that "Dahlberg's report[] reflects that Mr. Dahlberg is presently engaged as a Rehabilitation Consultant . . ."; "[h]is report indicates that he was asked by Mr. Burgard 'to assess the injuries and resultant disabilities that Mr. Burgard will likely experience' due to the amputation"; and notes that "The bulk of Mr. Dahlberg's report is similar to the portion quoted above . . . ."  (ECF No. 89 at 5–6.) From these references, the Court discerns that Judge Krieger read at least as much of Dahlberg's report as she deemed necessary to rule on the Original Motion.  Thus, his argument regarding any potential failure by Judge Krieger to read Dahlberg's report is unavailing.  Similarly, Morales did not argue in the Original Motion that Dahlberg's report did not contain an appendix.  He cannot raise this new argument now.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant Carlos Morales's Motion for the Court to Reconsider [#89] Opinion and Order Denying Motion to Exclude Opinion Testimony (ECF No. 92) is DENIED; and

2. The parties are DIRECTED to contact the chambers of Magistrate Judge S. Kato Crews, no later than *January 27, 2021*, to schedule a status conference or such other proceeding as Judge Crews decides is appropriate in order to move this case forward.

Dated this 25th day of January, 2021.

BY THE COURT:

William J. Martinez
United States District Judge